IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAYMOND E. BRADLEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-1554-RGA |
| | : | |
| TRUMAN MEARS,[1] Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**I.     BACKGROUND**

In 1993, a Delaware Superior Court jury convicted Petitioner Raymond E. Bradley of first degree murder and possession of a deadly weapon during the commission of a felony. *See Bradley v. State*, 653 A.2d 304 (Table), 1994 WL 679717, at *1 (Del. Nov. 23, 1994). The Delaware Superior Court sentenced Petitioner to life imprisonment without parole, and the Delaware Supreme Court affirmed his convictions and sentence on direct appeal. *See Bradley*, 1994 WL 679717, at *3; (*See* D.I. 17 at 1 in *Bradley v. Snyder*, Civ. A. No. 97-675-LON).

In November 1995, Petitioner filed in the Superior Court a motion for new trial and his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (*See* D.I. 17 at 1 in *Bradley v. Snyder*, Civ. A. No. 97-675-LON) The Superior Court denied both motions, and the Delaware Supreme Court affirmed that decision on appeal. *See Bradley v. State*, 687 A.2d 572 (Table), 1996 WL 731777 (Del. Dec. 11, 1996).

---

[1] Warden Truman Mears replaced former Warden Robert May, an original party to the case. *See* Fed. R. Civ. P. 25(d).

On December 19, 1997, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 1993 convictions, arguing that: (1) the Delaware state courts violated his right to due process by denying his motion for new trial; and (2) defense counsel provided ineffective assistance by failing to object to perjured testimony, by failing to impeach the credibility of the State's witnesses, by giving the State an affidavit from Barbara Johnson during discovery, by failing to introduce into evidence certain FBI reports, and by failing to adequately investigate Petitioners case.  (*See* D.I. 17 at 3 in *Bradley v. Snyder*, Civ. A. No. 97-675-LON)  On April 30, 1999, the Honorable Joseph J. Longobardi denied the petition in its entirety after determining both claims were meritless.  (*See* D.I. 17 in *Bradley v. Snyder*, Civ. A. No. 97-675-LON)

Thereafter, in 2008, 2010, and 2016, Petitioner filed in the Superior Court three more Rule 61 motions, all of which were denied.  *See State v. Bradley*, No. 92S05720DI, Letter Order (Del. Super. Ct. July 6, 2011) (discussing Petitioner's second Rule 61 motion when denying his third Rule 61 motion); *Bradley v. State*, No.310, 2017, Order (Del. Dec. 1, 2017) (affirming the denial of Petitioner's fourth Rule 61 motion).  Petitioner appealed the denial of the three Rule 61 motions, and the Delaware Supreme Court affirmed the Superior Court's decisions denying those motions.  *See Bradley v. State*, 972 A.2d 311 (Table), 2009 WL 1279108 (Del. May 11, 2009); *Bradley v. State,* 31 A.3d 75 (Table), 2011 WL 5142032 (Del. Oct. 27, 2011); *Bradley v. State*, 176 A.3d 123 (Table), 2017 WL 5989049 (Del. Dec. 1, 2017).

In October 2018, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 1993 convictions.  The instant Petition asserts the following two grounds for relief: (1) two FBI reports from 1993 constitute newly discovered evidence demonstrating that Petitioner is actually innocent of murder; and (2) defense counsel

provided ineffective assistance of counsel.  (D.I. 1 at 5-7;  D.I. 1-2)  Petitioner also filed a Motion for Discovery.  (D.I. 3)

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254.  Notably, a  petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).  Rather, a habeas petition is classified as second or successive within the meaning of  28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition.  *See Benchoff,* 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).  If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III.    DISCUSSION

The record in this case reveals that Petitioner's first federal habeas petition was adjudicated on the merits, the instant Petition challenges the same 1993 convictions that were challenged in his first petition, and the instant Petition also asserts claims that were or could have

3

been[2] asserted in his first petition. *See Benchoff*, 404 F.3d at 817-18. As a result, the Court concludes that the instant Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition. Consequently, the Court concludes that it lacks jurisdiction to consider the instant Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. To the extent Petitioner's contention that the 1993 FBI reports constitute "newly discovered evidence" of his innocence should be construed as an attempt to avoid the second or successive bar rather than as a re-assertion of a previously rejected ineffective assistance of counsel claim, the Court still lacks jurisdiction over the instant case because the Third Circuit must determine if such evidence warrants authorizing Petitioner to file a second habeas petition.

Finally, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the Petition for lack of jurisdiction, and will dismiss as moot the pending Motion for Discovery.

---

[2]Here, Petitioner contends that two FBI reports from 1993 constitute newly discovered evidence demonstrating he is actually innocent of committing first degree murder, and that defense counsel was ineffective for failing to introduce those reports during his trial. (D.I. 1-2 at 1-34)  In his first federal habeas petition, Petitioner argued that defense counsel "through fraud and deception failed to move two F.B.I. reports into evidence." (*See* D.I. 17 at 13 in *Bradley*, Civ. A. No. 97-675-LON)  Judge Longobordi denied the ineffective assistance of counsel allegation as meritless after concluding that defense counsel's inadvertent failure to introduce the FBI reports did not prejudice Petitioner. (*See id*. at 13-14)

4

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction and the pending Motion as moot.  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).  A separate Order will be entered.


November 8, 2021                                       /s/ Richard G. Andrews
                                                                    UNITED STATES DISTRICT JUDGE